IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

RONALD JAMES LaROSE,

                    Petitioner,                    Civil Action No.
                                                   9:06-CV-0466 (GTS/DEP)

          vs.

LEO E. PAYANT,

                    Respondent.

---

APPEARANCES:

FOR PETITIONER:

RONALD JAMES LaROSE, *Pro se*
901 Mechanic Street
Apt. 4
Ogdensburg, New York  13669

FOR RESPONDENTS:

HON. ANDREW M. CUOMO              ALYSON J. GILL, ESQ.
Office of the Attorney General   Assistant Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

     Faced with a state court indictment accusing him of six felony offenses,

the most serious of which exposed him to a determinate sentence of up to twenty-five years in prison, petitioner Ronald James LaRose opted to forego a suppression hearing to seek preclusion of evidence recovered during a stop of a vehicle in which he was traveling and to enter a plea of guilty to a class C felony, with a promise of determinate prison sentence of three and one-half years, and to waive his right of appeal in connection with the entry of that plea.  Dissatisfied with his bargain, based upon the fact that his co-defendant was successful in securing suppression of critical evidence seized during the vehicle stop, after pursuing the limited state court avenues available to him to raise at least some of his claims, LaRose has commenced this proceeding pursuant to 28 U.S.C. § 2254 seeking this court's habeas intervention.  In support of his petition, LaRose maintains that his conviction was the product of Fourth Amendment violations stemming from the vehicle stop and his ensuing arrest, and that his assigned attorney failed to effectively represent him in the course of the proceedings leading up to his plea.

Having carefully reviewed the available record in the light of LaRose's petition, I find that he has procedurally forfeited his right to raise Fourth Amendment claims in this proceeding, and that in any event those claims lack merit.  Turning to the petitioner's second argument, I find no basis to

2

conclude that LaRose did not receive effective assistance of counsel.

Accordingly, I recommend that his petition be dismissed.

I.    <u>BACKGROUND</u>

On June 15, 2004, a St. Lawrence County Grand Jury returned a seven

count indictment against LaRose and a co-defendant; petitioner was named

in six of those counts, and was accused of first degree burglary, a class B

armed felony; criminal possession of a weapon in the second degree, a class

C armed felony; two counts of criminal possession of stolen property in the

fourth degree, a class E felony; first degree robbery, a class B armed felony;

and conspiracy in the fourth degree, a class E felony. The indictment arose

out of events occurring at a dwelling located in the Town of Russell, within St.

Lawrence County, on May 19, 2004.

During the course of the ensuing criminal prosecution, LaRose was

represented by an assigned public defender.  *See* Section 440.10 Decision,

dated June 13, 2005 ("Section 440.10 Dec.") at p. 2 (unnumbered).

Petitioner's counsel participated in a pretrial disclosure conference regarding

the matter, and reserved petitioner's right to a suppression hearing to

challenge the stop of the petitioner's vehicle and the ensuing search.  *Id.*  A

stipulation to that effect was prepared and executed, and was approved by

3

the court on July 12, 2004. *Id.*

On August 9, 2004, accompanied by his public defender, LaRose entered a plea of guilty in St. Lawrence County Court to a single count of second degree burglary, a class C felony, in full satisfaction of all charges against him, with a promise from the court to impose a determinate sentence of three and one-half years of incarceration, to be followed by a five-year period of post-release supervision. During the course of the plea allocution, LaRose admitted that he was in the dwelling of another individual on May 19, 2004, that he had no right to enter that home, and that he did so with the intention of committing a theft. As part of the agreement leading to the entry of petitioner's plea, LaRose waived his right to appeal any issue with the exception of the unconstitutionality of the proceedings or illegality of the sentence imposed. No appeal of the resulting judgment of conviction was filed by or on behalf of LaRose.

On May 3, 2005, without legal representation, petitioner filed an application pursuant to N.Y. Criminal Procedure Law ("CPL") § 440.10 seeking an order vacating his judgment of conviction. In that application, LaRose argued that he received ineffective assistance of counsel, based upon his attorney's lack of understanding of the legal principles associated

4

with vehicle stops.  *See* LaRose Aff. In Support of CPL Section 440.10 Motion ¶ 3.  Petitioner's motion appears to have been prompted by the trial court's decision to grant his co-defendant's suppression motion, apparently resulting in dismissal of all charges against that individual.  *Id.* ¶ 4.  Noting that petitioner had entered a knowing and voluntary guilty plea, and had not up until then sought to withdraw his plea on the ground that it was involuntary, Acting St. Lawrence County Court Judge Kathleen M. Rogers issued a decision dated, June 13, 2005, denying petitioner's motion to vacate his conviction.  Petitioner's application for permission to appeal that determination was denied by the New York State Supreme Court Appellate Division, Third Department, on August 26, 2005, and his subsequent request for a rehearing in connection with that determination was denied by that court on March 20, 2006.

Having served the full length of his determinate sentence, petitioner was released from prison in or about November of 2007.[1]  *See* Dkt. No. 14; *see also* http://nysdocslookup.docs.state.ny.us/GCA00POO/Wiq2/Winq120.

II.   PROCEDURAL HISTORY

---

[1]        Although petitioner has been released from prison, he is still subject to certain restrictions, including a lengthy period of post-release supervision, as a result of his conviction.  Accordingly, LaRose's release from prison does not render his petition moot. *See Jago v. Van Curen*, 454 U.S. 14, 21 n.3, 102 S. Ct. 31, 36 n.3 (1981).

5

Petitioner commenced this proceeding on April 14, 2006.  Dkt. No. 1.  In his petition, LaRose asserts four separate grounds upon which habeas relief is sought; three of those grounds raise Fourth Amendment claims related to the initial stop of his vehicle by border patrol agents (ground one); the search of his vehicle (ground two); and his arrest, allegedly without probable cause (ground three), while the fourth asserts denial of effective assistance of counsel, as guaranteed under the Sixth Amendment.  Appropriately named as the respondent is Leo E. Payant, the superintendent of the prison facility in which LaRose was incarcerated at that time his petition was filed.

Represented by the New York State Attorney General, respondent Payant answered LaRose's petition on September 29, 2006, Dkt. Nos. 8, 9, and additionally supplied the court with records related to the relevant state court proceedings.  Petitioner has since responded by filing a reply memorandum, or "traverse", on October 17, 2006 in further support of his petition.  Dkt. No. 11.

This matter, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

A.   Exhaustion/Procedural Default

As a preliminary, threshold matter, respondent argues that because the petitioner's Fourth Amendment claims were never presented to the state courts prior to the commencement of this proceeding, they remain unexhausted.  Respondent maintains that in light of this shortcoming and the fact that LaRose raises both exhausted and unexhausted claims his petition is mixed, asserting that the court is therefore empowered to take one of several courses of action, including to dismiss the unexhausted claim, stay consideration of the claim which has not yet properly been presented in order to afford petitioner an opportunity to return to the state courts to satisfy the exhaustion requirement, or to deny the unexhausted claims on the merits as plainly lacking in merit.

Prior to seeking federal habeas relief, a petitioner must exhaust available state remedies, or establish either an absence of available state remedies or that such remedies cannot adequately protect his or her rights. *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)); *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994), *cert. denied*, 515 U.S. 1118, 115 S.Ct. 2269 (1995).  The exhaustion doctrine recognizes

"respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191 (2d Cir. 1982). "Comity concerns lie at the core of the exhaustion requirement." *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005). Though both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must initially be given the opportunity to consider and correct any violations of federal law. *Id.* "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Daye,* 696 F.2d at 192 (footnote omitted).

This exhaustion requirement is satisfied if the federal claim has been "'fairly presented'" to the state courts. *See Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971)). A claim has been "fairly presented" if the state courts are apprised of "both the factual and the legal premises of the claim [the petitioner] asserts in federal court." *Daye*, 696 F.2d at 191. Thus, "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." *Id.* at 192.

8

When a claim has never been presented to a state court, a federal court may find that there is an absence of available state corrective process under § 2254(b) "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio*, 269 F.3d at 90 (citing *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997)); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (federal court may address merits of a habeas petition containing unexhausted claims where there is no further state proceeding for petitioner to pursue or where further pursuit would be futile), *cert. denied*, 532 U.S. 943, 121 S.Ct. 1404 (2001). As such, I must determine whether it would be futile for petitioner to present the newly-asserted theory regarding the indictment on which he was tried to the state courts.

Having failed to file an appeal to the Third Department within thirty days of his conviction in order to advance his Fourth Amendment claims, he is now precluded from doing so. *See* N.Y. Civ. Practice Law and Rules § 5513(a)(McKinney 1995); *Sanchez v. New York State Tax Comm'n*, 112 A.D.2d 487, 490 N.Y.S.2d 901 (3d Dep't 1985). Moreover, since "New York does not otherwise permit collateral attacks on a conviction when the defendant has unjustifiably failed to raise the issue on direct appeal,"

9

*Aparicio*, 269 F.3d at 91(citing CPL § 440.10(2)(c)), petitioner cannot now properly raise his Fourth Amendment claim, which is based upon the record, in an Article 440 motion.  *Id.* ; *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994), *cert. denied*, 514 U.S. 1054, 115 S.Ct. 1436 (1995).  That claim is therefore "deemed exhausted" for purposes of petitioner's habeas application.  *Spence v. Superintendent, Great Meadow Corr. Fac.*, 219 F.3d 162, 170 (2d Cir. 2000); *Senor v. Greiner*, No. 00-CV-5673, 2002 WL 31102612, at *10  (E.D.N.Y. Sept. 18, 2002).

    Although petitioner's Fourth Amendment claim is "deemed exhausted," it is also procedurally defaulted.  *See Aparicio*, 269 F.3d at 90, 96 n. 9. Accordingly, this court may not engage in habeas review of the claim unless the petitioner demonstrates either 1) both good cause for and actual prejudice resulting from his procedural default, or 2) that the denial of habeas relief would leave unremedied a fundamental miscarriage of justice.  *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000); *Garcia v. Lewis*, 188 F.3d 71, 76-77 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995).  Under this second exception, which is both exacting and intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent[,]" *Murray*

10

*v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986); *see also House v. Bell*, 547 U.S. 518, 535, 126 S. Ct. 2064, 2076 (2006); *Lebron v. Mann*, 40 F.3d 561, 564 (2d Cir. 1994), "the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'"  *Murray*, 477 U.S. at 495, 106 S. Ct. at 2649 (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S. Ct. 1558, 1576 (1982)).

To establish "cause" sufficient to excuse a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule.  *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 2566-67 (1991) (citing *Murray*, 477 U.S. at 488, 106 S. Ct. at 2645); *see Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999) (citing, *inter alia*, *Coleman*).  Examples of such external mitigating circumstances can include "interference by officials," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial or on direct appeal.[2]  *Murray*, 477 U.S. at 488, 106 S. Ct. at

_____

[2]     It should be noted, however, that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753, 111 S. Ct. at 2566-67 (quoting *Murray*, 477 U.S. at 488, 106 S. Ct. at 2645).

2645.  When a petitioner has failed to establish adequate cause for his or her

procedural default, the court need not go on to also examine the issue of

prejudice, since federal habeas relief is generally unavailable as to

procedurally defaulted claims unless both cause and prejudice are

demonstrated.  *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Long v.*

*Lord*, No. 03-CV-0461, 2006 WL 1977435, at *6 (N.D.N.Y. March 21, 2006)

(McCurn, S.J.) (citing *Stepney*); *Staley v. Greiner*, No. 01 Civ. 6165, 2003 WL

470568, at *7 (S.D.N.Y. Feb. 6, 2003) (citing *Stepney*).  In such a case,

absent evidence to show the petitioner's innocence of the crime of conviction,

no basis is presented to conclude that the failure to consider the merits of the

federal claim would result in a fundamental miscarriage of justice, which has

been interpreted as amounting to "an unjust incarceration."  *Spence*, 219

F.3d at 170.

Petitioner has offered no circumstances to justify his failure to present

the Fourth Amendment arguments now being advanced to the state courts.

The bases for those claims were readily apparent at the time of conviction.

Nonetheless, petitioner chose not to appeal his conviction, having waived the

right to appeal when entering his plea, and although proceeding *pro se* at the

time, opted not to raise the argument in his CPL section 440.10 motion.  I

therefore conclude that LaRose has failed to show cause for his procedural default, making it unnecessary to address the further prejudice inquiry.

Turning to the failsafe actual innocence exception, I find no basis upon which petitioner can contend that he is actually innocent of the offense charged, and that his incarceration and continued parole supervision is unjust. After deciding to take advantage of the plea offer from the prosecutor and court, significantly reducing both the number of crimes charged and his exposure to incarceration, petitioner appeared in open court and, under oath, admitted his guilt of the offense charged.[3] Although it is true that charges against petitioner's co-defendant were dismissed, that came as a result of a suppression decision in which the court merely found that certain evidence seized and to be used in connection with criminal prosecution could not be offered at trial; the decision thus addressed evidentiary issues, and did not

_____

[3]     The statutory provision defining the crime of conviction provides, in relevant part, that

> [a] person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with an intent to commit a crime therein, and when:
>
> * * *
>
> 2. The building is a dwelling.
>
> Burglary in the second degree is a Class C Felony

N.Y. Penal Law § 140.25.

speak to whether the two defendants named in the indictment had actually committed the offenses charged.

Under these circumstances petitioner has forfeited his right to assert Fourth Amendment violations in support of his quest for habeas relief.  I therefore recommend dismissal of plaintiff's second, third and fourth grounds on this procedural basis.[4]

B.   Standard of Review

Before addressing petitioner's properly exhausted claim, it is helpful to recount the standard against which the claim is to be measured, and to appreciate its deferential attributes.

Enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), brought about significant new limitations on the power of a federal court to grant habeas relief to a state court prisoner under 28 U.S.C. § 2254.  Under the AEDPA, "a

---

[4]       Notwithstanding respondent's argument to the contrary, this finding does not lead to the conclusion that LaRose's petition is mixed.  A habeas petition which only contains claims that have either been previously asserted by the petitioner in the state courts or which may be deemed exhausted by a federal court is not a "mixed" petition subject to dismissal under *Rose v. Lundy*, 455 509, 102 S. Ct. 1198 (1982).  *E.g. Chisolm v. Costello*, No. 94CIV.3201, 1998 WL 167332, at *4 (S.D.N.Y. Apr. 8, 1998) ("[w]hile *Rose* would traditionally require the dismissal of a mixed petition due to the failure to exhaust some of the claims, here, the unexhausted claims are deemed exhausted....  The petition is thus no longer mixed in the *Rose* sense of the term").  *See Lutes v. Ricks,* 02-CV-1043, 2005 WL 2180467, at *5  (N.D.N.Y. Sept 9, 2005) (McAvoy, S.J.).

determination of a factual issue made by a State court shall be presumed to

be correct [and t]he applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence."  28 U.S.C. §

2254(e)(1); *see also Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001)

(quoting § 2254(e)(1)) (internal quotes omitted).  Significantly, a federal court

may not grant habeas relief to a state prisoner on a claim

> that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim –
>
> > 1) resulted in a decision that was contrary
> > to, or involved an unreasonable
> > application of, clearly established Federal
> > law, as determined by the Supreme Court
> > of the United States; or
> >
> > 2) resulted in a decision that was based on
> > an unreasonable determination of the facts
> > in light of the evidence presented in the
> > State court proceeding.

28 U.S.C. § 2254(d); *see also Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d

Cir. 2007); *Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001), *cert. denied*, 534

U.S. 886, 122 S. Ct. 197 (2001); *Boyette*, 246 F.3d at 88.  When applying

this test, the Second Circuit has noted that

> [u]nder AEDPA, we ask three questions to determine
> whether a federal court may grant habeas relief: (1)
> Was the principle of Supreme Court case law relied
> upon in the habeas petition "clearly established"

>       when the state court ruled? (2) If so, was the state
>       court's decision "contrary to" that established
>       Supreme Court precedent? (3) If not, did the state
>       court's decision constitute an "unreasonable
>       application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*,

529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000) (O'Connor, J.) and

*Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000) (citing *Williams*)).

Because the AEDPA's restriction on federal habeas power was

premised in no small part upon the duty of state courts to uphold the

Constitution and faithfully apply federal laws, the AEDPA's exacting review

standards apply only to federal claims which have been actually adjudicated

on the merits in the state court. *Washington v. Schriver*, 255 F.3d 45, 52-55

(2d Cir. 2001). Specifically, as the Second Circuit explained in *Sellan v.*

*Kuhlman*, "[f]or the purposes of AEDPA deference, a state court

'adjudicate[s]' a state prisoner's federal claim on the merits when it (1)

disposes of the claim 'on the merits,' and (2) reduces its disposition to

judgment." 261 F.3d 303, 312 (2d Cir. 2001); *see Jimenez v. Walker*, 458

F.3d 130, 140 (2d Cir. 2006) (citing *Sellan*), *cert. denied sub nom. Jimenez*

*v. Graham*, 549 U.S. 1133, 127 S. Ct. 976 (2007). Significantly, the Second

Circuit further held that when a state court adjudicates a claim on the merits,

16

"a federal habeas court must defer in the manner prescribed by 28 U.S.C. §

2254(d)(1) to the state court's decision on the federal claim – *even if the*

*state court does not explicitly refer to either the federal claim or to relevant*

*federal case law.*"  *Sellan*, 261 F.3d at 312 (emphasis added).[5,6]

When a state court's decision is found to be decided "on the merits",

that decision is "contrary to" established Supreme Court precedent if it

applies a rule that contradicts Supreme Court precedent, or decides a case

differently than the Supreme Court on a set of materially indistinguishable

facts.  *Williams*, 529 U.S. at 405-06, 120 S. Ct. at 1519-20.  Moreover, a

federal court engaged in habeas review must also determine not whether the

state court's determination was merely incorrect or erroneous, but instead

whether it was "objectively unreasonable".  *Sellan*, 261 F.3d at 315 (quoting

---

[5]      In the past, when wrestling with interpretation and application of the AEDPA's deference standard the Second Circuit had suggested, although leaving open the question, that deference under section 2254(d) is not mandated if a state court decides a case without citing to federal law or otherwise making reference to a federal constitutional claim in a manner adequate to justify deference under the AEDPA, in which case pre-AEDPA standards would apply.  *Washington*, 255 F.3d at 52-55; *see also Noble*, 246 F.3d at 98.  That court clarified in *Sellan*, however, that the question of whether or not a state court makes specific reference to a constitutional principle is not controlling.

[6]      In his opinion in *Sellan*, Chief Judge Walker acknowledged that enlightenment in state court decisions as to the manner of disposition of federal claims presented would greatly enhance a federal court's ability, on petition for habeas review, to apply the AEDPA deference standard.  *Sellan*, 261 F.3d at 312.  He noted, however, that a state court's failure to provide such useful guidance does not obviate a federal court's duty to make the analysis and pay appropriate deference if the federal claim was adjudicated on the merits, albeit tacitly so.  *Id.*

17

*Williams*, 529 U.S. at 409, 120 S. Ct. at 1521 (O'Connor, J.)). The Second Circuit has noted that this inquiry admits of "[s]ome increment of incorrectness beyond error", though "the increment need not be great[.]" *Francis S.*, 221 F.3d at 111.

C.      Merits Of Petitioner's Fourth Amendment Claims

Although both unexhausted and procedurally forfeited, I have nonetheless chosen to address the merits of petitioner Fourth Amendment claims.[7] Those claims must be considered against the backdrop of the well-established body of habeas jurisprudence to the effect that where a state

-----

[7]      As respondent argues, LaRose's Fourth Amendment claims also appear to be barred by virtue of the intervening guilty plea. *Whitehurst v. Senkowski*, 485 F. Supp.2d 105, 117 (N.D.N.Y. 2007) (McCurn, S.J.), appeal dismissed, *Whitehurst v. Senkowski*, No. 07-2334-pr (2d Cir. Aug. 20, 2007). In *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602 (1973), the Supreme Court noted that:

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett*, 411 U.S. at 267, 93 S.Ct. at 1608. Thus, a guilty plea "foreclose[s] direct inquiry into the merits of claimed antecedent constitutional violations." *Tollett*, 411 U.S. at 266, 93 S.Ct. at 1607; *see also Blackledge v. Perry*, 417 U.S. 21, 29-30, 94 S.Ct. 2098, 2103 (1974) ("a person complaining of ... antecedent constitutional violations ... is limited in a federal habeas corpus proceeding to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases") (internal quotations and citations omitted).

has provided a defendant with the opportunity to fully and fairly litigate a Fourth Amendment claim, such a constitutional claim may not be considered by a federal court on petition for habeas relief.  *See Stone v. Powell*, 428 U.S. 465, 481-82, 96 S. Ct. 3037, 3046 (1976); *Hernandez v. Filion*, No. 05 Civ. 4046, 2005 WL 3164063, at *5-6 (S.D.N.Y. Nov. 29, 2005); *see also Cappellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992); *Campbell v. Greene,* 440 F. Supp. 2d 125, 138 (N.D.N.Y. 2006) (McCurn, S. J.).  A federal court may only review a claim based upon the Fourth Amendment "(a) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan,* 975 F.2d at 70 (citing *Gates v. Henderson,* 568 F.2d 830, 840 (2d Cir. 1977)(en banc)); *Campbell*, 440 F. Supp. 2d at 138 (citing *Capellan*).

By statute, New York provides a procedure for adjudication of claimed Fourth Amendment violations.  *See* New York CPL § 710.10 *et seq.* "[F]ederal courts have approved New York's procedure for litigating the Fourth Amendment claims . . . as being facially adequate." *Cappellan*, 975 F.2d at 70 n.1; *see also Jackson v. Lacy*, 74 F. Supp. 2d 173, 176 (N.D.N.Y.

1999) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge Ralph W. Smith, Jr.).  "[O]nce it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim (whether or not he or she took advantage of the state's procedure), the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief."  *Graham v. Costello,* 299 F.3d 129, 134 (2d Cir. 2002).  It should be noted, moreover, that "mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process."  *Capellan*, 975 F.2d at 72.

In this instance, petitioner's right to request a suppression hearing was specifically reserved to him by the court.  He chose, however, not to avail himself of that avenue, but instead to enter a plea of guilty.  The availability of that remedy and his choice not to pursue it divests him of the right to now raise a Fourth Amendment claim in this habeas proceeding.

D.   Merits of Ineffective Assistance of Counsel Claim

The centerpiece of LaRose's petition is his contention that the public defender assigned to represent him failed to do so adequately.  Although neither LaRose's petition nor his reply memorandum elaborate on the

20

deficiencies which he now claims in connection that representation, it appears that his dissatisfaction stems from counsel's failure to advise him to seek suppression of the evidence against him in lieu of entering a guilty plea.

### 1.   Clearly Established Supreme Court Precedent

Under the well-established standard governing such claims, in order to prevail on an ineffective assistance of counsel claim a petitioner must show both that 1) his or her counsel's performance was deficient, in that it failed to conform to an objective, reasonableness threshold minimum level, and 2) that deficiency caused actual prejudice to the defense, in that the petitioner was effectively deprived of a fair trial, the results of which were reliable. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Murden v. Artuz*, 497 F.3d 178, 198 (2d Cir. Aug. 10, 2007)*; Greiner v. Wells,* 417 F.3d 305, 319 (2d Cir. 2005), *cert. denied sub. nom. Wells v. Ercote*, 546 U.S. 1184, 126 S. Ct. 1363 (2006). To be constitutionally deficient, the attorney's conduct must fall "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S. Ct. at 2066; *Greiner*, 417 F.3d at 319 (citing *Strickland).*  An attorney's performance is judged against this standard in

light of the totality of the circumstances and from the perspective of counsel at the time of trial, with every effort being made to "eliminate the distorting effects of hindsight[.]" *Strickland*, 466 U.S. at 689,104 S. Ct. at 2065; *Greiner,* 417 F.3d at 619 (citing *Strickland*).

When measuring an attorney's performance against this standard, a court will generally indulge in a presumption that constitutionally adequate assistance has been rendered, and significant decisions have been made through the exercise of sound professional judgment to which "a heavy measure of deference" is afforded. *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066; *Greiner,* 417 F.3d at 319 (citing *Strickland).*  In a case such as this, a petitioner must establish that his or her attorney omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker; it is not enough to show only that counsel omitted a nonfrivolous argument, as an attorney has no duty to advance every such argument. *Jones v. Barnes,* 463 U.S. 745,754, 103 S. Ct. 3308, 3314 (1983)*; Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir. 1994) (citing *Jones), cert. denied sub nom. Henderson v. Mayo*, 513 U.S. 820, 115 S. Ct. 81 (1994).

Addressing the second prong of the *Strickland* test, courts have generally held that prejudice is established by showing that there is a "reasonable probability" that but for the deficiency "the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068; *Henry v. Poole,* 409 F.3d 48, 63-64 (2d Cir. 2005), *cert. denied. sub. nom. Poole v. Henry*, 547 U.S. 1040, 126 S.Ct. 1622 (2006); *Reed v. Smith,* No. 05-CV-3969, 2006 WL 929376, at *6 (E.D.N.Y. Apr. 11, 2006).

> 2.   Contrary To Unreasonable Application of Clearly Established Supreme Court Precedent

In its decision denying LaRose's section 440.10 application, the trial court did not clearly articulate whether petitioner's ineffective assistance argument was rejected on the merits, or instead on the basis of his intervening, voluntary guilty plea.  Nonetheless, it appears that in ruling upon petitioner's 440.10 application, the trial court concluded he had received adequate, constitutionally sufficient representation.[8]

---

[8]   In making that determination the trial court in all likelihood applied the New York standard for effective representation, including under such cases as *People v. Baldi*, 54 N.Y.2d 137, 444 N.Y.S.2d 893 (1981), one of several cases relied upon by the

In this instance petitioner's ineffective assistance of counsel argument boils down to whether he was properly counseled when deciding not to risk requesting a suppression hearing, despite having reserved the right to do so, and a potential prosecution on all counts contained within the indictment as against the plea bargain offered, resulting in significant reduction of his exposure to jail time.  Little is disclosed in either LaRose's petition or his section 440.10 application as to the advice received from his counsel, or even whether the plea was entered despite counsel's advice that the Fourth Amendment argument be pursued.  It should also be noted that this is not a situation where the trial court suppression decision was a foregone conclusion.  Indeed, as the respondent has effectively argued, the issue

---

petitioner in this matter.  The interplay between the well-accepted standard for judging an attorney's performance under the Sixth Amendment and the prevailing test under New York law, particularly with respect to the prejudice prong of the controlling analysis, is an issue which has received increasing attention, with recent federal decisions reflecting some degree of tension between the two points of view. See, *e.g.*, *Henry v. Poole*, 409 F.3d 48.  Prior to rendering its decision in *Henry*, the Second Circuit had previously held that the "meaningful representation" test applied by the New York courts is not "contrary to" the governing federal standards, for purposes of the AEDPA, even though the prejudice prong of its analysis is significantly less reaching than under its federal counterpart. *See*, *e.g.*, *Lindstadt v. Keane*, 239 F.3d 191, 198 (2d Cir. 2001); *see also Loliscio v. Goord*, 263 F.3d 178, 192-93 (2d Cir. 2001) and *Eze v. Senkowski*, *321* F.3d 110, 122-24 (2d Cir. 2003).  Whether that viewpoint will stand the test of time, particularly in light of the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495 (2000), is subject to some doubt.  *See Henry*, 409 F.3d at 68-72.

presents a close call, and a persuasive argument could be made that the trial court erred in concluding that the actions of law enforcement stopping petitioner's vehicle, detaining its occupants, and requesting and securing consent to search the vehicle, ran afoul of the respondent's Fourth Amendment rights, especially considering that the stop occurred only one or two miles from the border. *See, e.g., United States v. Sugrim*, 732 F.2d 25 (2d Cir. 1984) (acknowledging that a traveler may be detained or searched at the border or the functional equivalent of the border without probable cause); *see also United States v. Maigar*, 568 F. Supp.2d 245, 247-248 (N.D.N.Y. 2008)("[w]hatever the permissible scope of the intrusiveness of a routine boarder search might be, searches of this kind may in certain circumstances take place not only at the border itself, but at its functional equivalents.")(quoting *Almeida-Sanchez v. United States*, 413 U.S. 266, 272, 93 S.Ct. 2525 (1973) and collecting cases).

Under these circumstances petitioner has failed to sustain his burden of showing that his counsel's action fell outside of the range of reasonable competent representation.

IV.   <u>SUMMARY AND RECOMMENDATION</u>

With the benefit of twenty-twenty hindsight, petitioner asserts that his decision to enter a plea of guilty to a single class C felony, in full satisfaction of an indictment charging him with two class B felonies, one class C, and three class E felonies, rather than pursue efforts to suppress evidence seized, allegedly in violation of his rights under the Fourth Amendment, was the product of ineffective and constitutionally deficient representation by his assigned attorney.  That contention, however, finds no support in the record, and petitioner has therefore failed to sustain his burden of establishing that he received ineffective assistance of counsel.

Petitioner also seeks to raise three Fourth Amendment arguments in this proceeding.  Those claims, however, are both unexhausted and procedurally forfeited, and in any event lack merit given that under New York law he was afforded the opportunity to raise the Fourth Amendment concerns in that forum.

Based upon the foregoing, it is hereby

RECOMMENDED that the petition in this matter be DENIED and

26

DISMISSED in all regards; and it is further

RECOMMENDED, based upon my finding that LaRose has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), that a certificate of appealability not issue with respect to any of the claims set forth in his position.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within TEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this Report and Recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:      June 9, 2009
            Syracuse, NY

27