UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONALD JAMES LaROSE,

                Petitioner,

                                        9:06-CV-0466
v.                                        (GTS/DEP)

LEO E. PAYANT, Superintendent,

                Respondent.
_____

APPEARANCES:                                     OF COUNSEL:

RONALD JAMES LaROSE, *Pro se*
901 Mechanic Street, Apt. 4
Ogdensburg, New York 13669

HON. ANDREW M. CUOMO                ALYSON J. GILL, ESQ.
Attorney General for the State of New York    Assistant Attorney General
120 Broadway
New York, New York 10271

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

The above matter comes to this Court following a Report-Recommendation by Magistrate Judge David E. Peebles, filed on June 9, 2009. (Dkt. No. 20.) Petitioner has filed no Objections to the Report-Recommendation.

**I.    STANDARD OF REVIEW**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1]

---

       [1]      On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the

When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.  DISCUSSION

After carefully reviewing all of the papers herein, including Magistrate Judge Peebles' thorough Report-Recommendation, the Court can find no error in the Report-Recommendation, clear or otherwise. As a result, the Report-Recommendation is accepted and adopted in its entirety, and Petitioner's Petition is denied and dismissed in its entirety.

---

magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]  *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 20) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's Petition (Dkt. No. 1) is **DENIED** and **DISMISSED** in its entirety; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: July 28, 2009
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge